UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CALDERON,

                    Plaintiff,

          -against-

ST. BARNABAS HOSPITAL,

                    Defendant.

1:22-CV-7748 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Ana Calderon, of the Bronx, New York, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction. She sues St. Barnabas Hospital, which is also located in the Bronx, New York. Plaintiff asserts that the federal constitutional or federal statutory bases for her claims are: "civil rights, personal injury, false claims, [and] human rights." (ECF 1, at 2.) Plaintiff seeks damages, as well as other "relief as ordered in similar litigation[]." (*Id.* at 6.) The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

By order dated September 12, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff leave to replead claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that between January 22, 2020, and January 30, 2020, as well as between August 17, 2021, and August 30, 2021, in the Bronx, New York:

EMS took [her] out of [her] house and forced [her] to be admitted into St. Barnabas Hospital. [She] was forced to undress [her]self with security officers. They saw [her] naked and forced [her] to wear a hospital gown. [Plaintiff] was forced to []take pysch[iatric] medication without [her] approval. The officers forced [her] to open [her] mouth and []take medication.

The doctors forced [Plaintiff] to take medication and forced [her] to sign a consent or not approve [her] release. The doctors are corrupt and wanted to defraud the insurances. [Plaintiff] ha[s] submitted a claim to the insurances.

The nurses denied [Plaintiff] water, denied [her] med[ication] for asthma. [Plaintiff] suffer[s] [from] severe asthma and almost died. [She] was denied food. [She] was forced to enter a green diet. [Plaintiff] was assaulted by security officers because the nurse ordered that [Plaintiff] had a lost pencil.

(ECF 1, at 5-6.)

Plaintiff alleges that she has suffered the following injuries: (1) "brain damage," (2) "memory damage," (3) "side effects, [she] had to seek additional treatment to heal the mental damages caused," (4) "hallucinations," and (5) "loss of enjoyment of life." (*Id.* at 6.)

## DISCUSSION

### A.   State action

The Court must dismiss Plaintiff's claims under 42 U.S.C. § 1983 against St. Barnabas Hospital. A claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). Private entities are

3

not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

The activity of a private individual or entity may be considered to be state action for the purpose of Section 1983 liability in the following three situations: (1) when the individual or entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the State provides significant encouragement to the individual or entity, the individual or entity willfully participates in joint activity with the State, or the individual's or entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the individual or entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

"The fundamental question under each test is whether the private [individual's or] entity's challenged actions are 'fairly attributable' to the [S]tate." *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). In analyzing whether a private individual or entity has acted as a state actor for the purpose of Section 1983 liability, a court must first "identify[] the specific conduct of which the plaintiff complains, rather than consider the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted).

Plaintiff has alleged no facts showing that St. Barnabas Hospital, which is a private hospital, acted as a state actor when it allegedly injured her. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229-31 (2d Cir. 2014) (citing *Doe v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999), for the proposition that "private health care professionals and a private hospital d[o] not engage in

state action when they involuntarily commit[] [a person] to the psychiatric ward of [a private health-care facility]"); *see also Amid v. Chase*, 720 F. App'x 6, 10-11 (2d Cir. 2017) (summary order) (private hospital did not act as a state actor, for the purposes of Section 1983 liability, when it confined a patient pursuant to the New York Mental Hygiene Law); *see generally Johnson v. City of New York*, No. 20-CV-3083, 2021 WL 4896477, at *9 (S.D.N.Y. Aug. 23, 2021) ("Although private hospitals are regulated by the state and required to obey state laws, they 'are generally not proper § 1983 defendants because they do not act under color of state law.'") (citation omitted), *report & recommendation adopted*, 2021 WL 4479384 (S.D.N.Y. Sept. 30, 2021). The Court therefore dismisses Plaintiff's claims under Section 1983 against St. Barnabas Hospital for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint to allege facts showing that St. Barnabas Hospital acted as a state actor when it allegedly injured her.

If Plaintiff does file an amended complaint in which she asserts claims under Section 1983 against St. Barnabas Hospital, she must also allege facts showing that a policy, custom, or practice of St. Barnabas Hospital caused a violation of her federal constitutional rights. *See, e.g.*, *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (discussing municipal liability under Section 1983); *see also Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees unless the plaintiff proves that action pursuant to official . . . *policy* of some nature caused a constitutional tort.") (internal quotation marks and citation omitted); *Candelario v. Quality Choice Corr. Healthcare*, No. 16-CV-2083, 2017 WL 3049553, at *5 (S.D.N.Y. July 17,

2017) (noting that the doctrine of Section 1983 municipal liability has been extended to private

institutional defendants acting under color of state law) (citations omitted).

## B.      Possible individual defendants

It appears that Plaintiff may be attempting to assert claims under Section 1983 against

individual employees of St. Barnabas Hospital, including some of its security guards.[1] To state a

claim under Section 1983 against an individual state-actor defendant, a plaintiff must allege facts

showing that individual state-actor defendant's direct and personal involvement in the alleged

constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d

Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the

alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.")

(internal quotation marks and citation omitted). A defendant may not be held liable under

Section 1983 solely because that defendant employs or supervises a person who violated the

plaintiff's rights. *See Iqbal*, 556 U.S. at 676*; Rojas,* 924 F.2d at 408. Rather, "[t]o hold a state

[actor] liable under § 1983, a plaintiff must plead and prove the elements of the underlying

---

[1] As discussed above, to state a claim under Section 1983, a plaintiff must show: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West*, 487 U.S. at 48-49 (1988). Thus, to bring a Section 1983 claim against an individual defendant, a plaintiff must show that that individual defendant is a state actor. A private security guard may be considered to be a state actor if he or she exercises certain police powers granted by the state or local government, such as the power to make an arrest. *See Rojas*, 924 F.2d at 408 (2d Cir. 1990) (on appeal, private department store did not dispute district court's holding that the department store's security guard, who was a Special Police Officer under the New York City Administrative Code, and who arrested the plaintiff, was a state actor); *see also Kilyako-Gullas v. E. End Temple*, No. 1:20-CV-5690, 2020 WL 4926155, at *2 (S.D.N.Y. Aug. 20, 2020) ("Courts within this Circuit have recognized . . . that a private security guard may act as a state actor if he or she has been granted certain police powers by the state or local government.") (citing cases); *Brooks v. Santiago*, No. 93-CV-0206, 1994 WL 529865, at *1 (S.D.N.Y. Sept. 28, 1994) (noting that "where the private security officer bears some additional imprint of public authority, his conduct may constitute state action") (citing cases).

constitutional violation directly against the [state actor]. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not specifically name any individuals as defendants. She also does not specify which individual St. Barnabas Hospital officials were allegedly responsible for violating her federal constitutional rights. In addition to the leave granted above, the Court grants Plaintiff leave to file an amended complaint in which she names individual state-actor defendants, and in which she alleges facts showing how those individual state-actor defendants were personally and directly involved in the alleged violations of her federal constitutional rights.

**C.     Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims as follows:

1.     Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal constitutional rights.

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space

2.  If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint, with a description, such as "John Doe #1 Security Guard, who worked in the St. Barnabas Hospital Emergency Room on August 31, 2020."[3]

3.  In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a.  the names and titles of all relevant people;

    b.  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c.  a description of the injuries Plaintiff suffered; and

    d.  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

---

to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] The naming of "John Doe" or "Jane Doe" defendants, however, does not toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending her complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

## CONCLUSION

The Court dismisses this action. The Court, however, grants Plaintiff 30 days' leave to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, and cannot show good cause as to why such failure should be excused, the Court will direct the Clerk of Court to enter judgment dismissing this action; the Court will dismiss Plaintiff's claims under federal law for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and will decline to consider, under the Court's supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

An amended complaint form is attached to this order. Any amended complaint filed should list docket number "1:22-CV-7748 (LTS)" on its first page.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 24, 2022
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge